was given from the Court of Chancery, but that to this day no appeal from the Ordinary had ever been brought. He cited 4 *Griff. Law Reg.* 1178, 1179, 1185.

He adverted to the supplement passed February 24th, 1820, to the " act relative to dower," the 7th section of which supplement gives an appeal to this court from any sentence or decree of the surrogate-general made under the authority of the said supplement, and insisted that the said 7th section was unconstitutional.

He adverted to article 6th, section 1st, of the new constitution. The judicial power shall be vested in " a Court of Errors and Appeals in the last resort in all causes as heretofore," and admitted that this increases the difficulty and importance of the question.

The appeal was dismissed by the whole court, except the president, who, being Chancellor and surrogate-general, declined voting. See note.

NOTE.—Is there any reason why the legislature cannot give to the Ordinary or surrogate-general jurisdiction over a new subject matter, and give an appeal from his decrees in reference thereto?

CITED *in Harris* v. *Vanderveer*, 6 *C. E. Gr.* 438, 443, 444, 454.

---

## WILLIAM CHETWOOD, APPELLANT, AND STEPHEN P. BRITTAN, RESPONDENT.

It is not competent to show by parol that at the time of executing a bond the obligee agreed that the obligor should not be personally liable, but that the obligee would look for payment to the mortgage given to secure the bond.

This case, and the decision of the Chancellor thereupon, is reported in 3 *Green's Ch. Rep.* 334.

*Wm. Halsted* opened the argument in this court for the appellant. In addition to the cases cited for the complainant in the court below, he cited 1 *Term Rep.* 701; 3 *Green's Chan.* 155; 15 *Vesey* 85, 90; 2 *Dall.* 70; *Coxe's Chan.* 402; 14

Ex'rs of Olden v. White.

*Wend.* 63; 8 *Ibid.* 641; 9 *Cowen* 227; 2 *Halst. Rep.* 1, 13, *Phil. Evid., by Cowen,* 1432; 4 *John. Chan.* 167; 9 *Wheat.* 495; 2 *Eden's Rep.* 110; 11 *Wend.* 536; 10 *Ibid.* 310, 313; 13 *Pick. Rep.* 69, 75; 1 *Greenl. Evid.* 370, *and note;* 4 *John. Chan.* 144.

At the close of the opening argument, the court, upon the suggestion of Judge A. Robertson, had a conference, and unanimously agreed that it was not necessary to hear the counsel for the respondent, but said they would hear Mr. Vroom, the associate counsel for the appellant.

*P. D. Vroom* then closed the argument for the appellant. He cited, further, 1 *Hill* 606; 7 *Cowen's Rep.* 409; 1 *Ves. & Beam* 375.

Decree below affirmed, *per tot. cur.,* all being present except Chancellor Halsted, who had been of counsel with the complainant below, and Justice Randolph, who was absent, from indisposition.

---

## THE EXECUTORS OF SAMUEL S. OLDEN AND OTHERS, APPELLANTS, AND ANN P. WHITE AND OTHERS, RESPONDENTS.

The testator, by his will, gives to his aunt, Ann P. White, $10,000, to be paid to her as soon as practicable after his decease, or, with interest from that time. He then gives several other money legacies. He then makes specific bequests of furniture and other articles of personal property. He then says that he wishes his bank stock to make a part of his dear aunt's legacy, as it will give her less trouble in collecting. The will then provides thus: " Item• —-After all my just debts are paid, and the expenses of fulfilling this my last will and testament, I give and bequeath all the remainder of my property, both real and personal, to be equally divided among my four cousins (naming them.) Item.—-I wish that the house I have lately purchased of C. M. Campbell, valued at $4000, to be part of my dear aunt's legacy, and that, in the division of her portion, my Trenton bank be calculated at $40 per share, and my Easton bank at $30 per share." And, by a codicil to his said will, he gave to his aunt, Ann P. White, in fee simple, a lot of woodland (describing it), containing fifteen acres, and all the plate in his house, and some other articles of personal property; and also gave by the codicil, three other money legacies, one of $200, one of $50, and one of $75—

*Held,* that the lands devised in the residuary clause of the will were not